NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH HEUSEY, | No. 15-55975 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-06810-AB-E |
| v. | |
| ROLAND EMMERICH; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted June 26, 2017**

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Kenneth Heusey appeals pro se from the district court's judgment dismissing

his action alleging copyright infringement and fraud.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo the district court's dismissal under Federal

Rule of Civil Procedure 12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2010), and we affirm.

The district court properly dismissed Heusey's copyright infringement claims because, as a matter of law, Heusey's copyrighted screenplay *Not Without Justice* and defendants' film *Anonymous* are not substantially similar under the extrinsic test, and any similarities in the general concepts are unprotected. *See Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624-25 (9th Cir. 2010) (setting forth extrinsic test to assess substantial similarity between specific expressive elements of copyrighted works at issue, such as plot, sequence of events, themes, dialogue, mood, setting, pace, and characters); *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076-78 (9th Cir. 2006) (substantial similarity may be decided as a matter of law by applying the extrinsic test); *Cavalier v. Random House, Inc.*, 297 F.3d 815, 823 (9th Cir. 2002) ("Scenes-a-faire, or situations and incidents that flow necessarily or naturally from a basic plot premise, cannot sustain a finding of infringement.").

We reject as meritless Heusey's contention that the promotional trailers for defendants' film, as freestanding works separate from the film itself, are independently substantially similar to Heusey's screenplay.

The district court properly dismissed Heusey's fraud claim because Heusey failed to allege facts sufficient to state a plausible claim under California law. *See Belasco v. Wells*, 183 Cal. Rptr. 3d 840, 852 (Ct. App. 2015) (elements of a fraud

2                                                                                    15-55975

claim under California law).

The district court did not abuse its discretion by dismissing Heusey's complaint without leave to amend because amendment would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**